UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| PETER S. KOEPPEL | CIVIL ACTION |
| VERSUS | NO. 21-320 |
| HARTFORD ACCIDENT & INDEMNITY CO. | SECTION "R" (5) |

# ORDER AND REASONS

Before the Court is plaintiff Peter Koeppel's motion for reconsideration of the Court's May 2, 2022 Order and Reasons[1] granting defendant's motion for partial summary judgment on plaintiff's bad-faith claims under Louisiana Revised Statutes sections 22:1892 and 22:1973.[2] Defendant Hartford Accident and Indemnity Company ("Hartford") opposes the motion.[3] For the following reasons, the Court grants in part and denies in part plaintiff's motion.

---

[1] R. Doc. 34.
[2] R. Doc. 36.
[3] R. Doc. 40.

## I.   BACKGROUND

This case arises out of a February 14, 2020 car accident at the intersection of North Cortez Street and Bienville Street in New Orleans.[4] The accident occurred when the alleged tortfeasor, Tonja Issac, hit the passenger side of plaintiff's vehicle at the intersection.[5] After the accident, neither party called the police or went to the hospital.[6] Instead, Issac admitted that she was at fault, and the two parties exchanged insurance information.[7] At the time of the accident, Koeppel had an insurance policy with Hartford, which included uninsured/underinsured motorist bodily injury ("UMBI") coverage,[8] and Issac had an insurance policy with Old American Indemnity Company ("Old American").[9]

On May 27, 2020 plaintiff submitted his initial proof of loss to his UMBI provider, Hartford.[10] In Koeppel's initial request, he informed Hartford of the accident and that he was "in the process of settling" with the tortfeasor's liability insurer, Old American, for Issac's policy limit of

---

4   R. Doc. 16-3 at 1; R. Doc. 24-2 at 3.
5   R. Doc. 24-2 at 13.
6   *Id.* at 6-7, 16.
7   *Id.*
8   R. Doc. 16-4 at 5 (Plaintiff's Responses to Requests for Production of Documents).
9   R. Doc. 16-7 at 6 (Plaintiff's Answers to Interrogatories).
10  R. Doc. 16-5 at 2 (May 27, 2020 Letter).

$15,000.[11]  But because his damages exceeded Issac's liability policy limits, plaintiff requested a settlement with Hartford "under the uninsured/underinsured provision of [his] policy in the amount of the policy limits."[12]  Attached to the proof-of-loss notice, plaintiff included some of his medical records, which he asserts supported his claim that his damages exceeded Issac's policy limit of $15,000.[13]  Plaintiff continued to supplement his initial proof of loss by submitting additional medical records and expenses to Hartford.[14]  Plaintiff states that his attorney did not receive a response from Hartford within sixty days, and alleges that Hartford failed to perform "any investigation" within sixty days after receiving plaintiff's proof-of-loss notice.[15]

On June 28, 2020, plaintiff filed a complaint in state court against Issac and Old American.[16]  In his complaint, plaintiff alleged that, as a "direct and proximate result" of Issac's negligence in "disregarding a stop sign," he sustained injuries to his "back and lower extremities."[17]  On July 27, 2020,

---

[11]   *Id.*
[12]   *Id.*
[13]   R. Doc. 24-1 at 6.
[14]   *Id.*
[15]   *Id.*
[16]   R. Doc. 1-2 (Initial Complaint).
[17]   *Id.* ¶ 10; *see also* R. Doc. 16-7 at 2 (Plaintiff's Answers to Interrogatories).  In his response to defendant's interrogatories,

3

plaintiff filed an amended complaint naming Hartford as a defendant, alleging that Hartford failed to tender payment within the statutorily prescribed time period after receipt of plaintiff's satisfactory proof of loss, and that such "denial of coverage was arbitrary, capricious, [and] in bad faith," in violation of La. Rev. Stat. §§ 22:1892 and 22:1973.[18] In addition to seeking payment of his UMBI benefits from Hartford, Koeppel also seeks statutory penalties against Hartford for its failure to adjust his claim fairly and promptly.[19] Koeppel subsequently reached a settlement with Old American and Issac, and voluntarily dismissed those parties from the lawsuit.[20] Following the notice of partial dismissal, Hartford removed the case to this Court on the basis of diversity jurisdiction.[21]

Defendant thereafter moved for partial summary judgment on plaintiff's claims for bad-faith failure to tender.[22] The Court granted defendant's motion, holding that plaintiff failed to establish that Hartford received satisfactory proof of loss as to: (1) the tortfeasor's underinsured

---

plaintiff also noted that the accident "aggravated injuries to [his] neck, left arm[,] and hand." *Id.*
[18] R. Doc. 1-3 ¶¶ 16-22 (First Amended Petition for Damages).
[19] *Id.*
[20] R. Doc. 1-8 at 2 (Motion and Order for Partial Dismissal).
[21] R. Doc. 1.
[22] R. Doc. 16.

status, and (2) and medical causation.[23] Plaintiff filed a motion for reconsideration of the Court's grant of defendant's partial motion for summary judgment.[24] Plaintiff contends that on May 11, 2022, he obtained a declarations page of Issac's liability policy from Old American that states the monetary limits of the policy.[25] Plaintiff attaches the declaration page to his motion, and represents that he sent it to Hartford's counsel.[26] Accordingly, plaintiff asserts that as of May 11, 2022, it "cannot be disputed" that he has provided Hartford with satisfactory proof of loss, at least as it pertains to the "Auto Medical Payments Coverage of [his] insurance contract" with Hartford.[27] Defendant opposes the motion, noting that plaintiff has still not provided satisfactory proof of loss on medical causation.[28] The Court considers the parties' arguments below.

## II. LEGAL STANDARD

The Fifth Circuit has consistently recognized that parties may challenge a court's order under Rules 54(b), 59(e), or 60(b) of the Federal

---

[23]  *Id.* at 10-20.
[24]  R. Doc. 36 at 2.
[25]  R. Doc. 36-1 at 3.
[26]  *Id.*; *see also* R. Doc. 36-2 at 1-3.
[27]  R. Doc. 36-1 at 3-4.
[28]  R. Doc. 40 at 3-4.

Rules of Civil Procedure. *Reyes v. Julia Place Condo. Homeowners Ass'n, Inc.*, No. 12-2043, 2016 WL 4272943, at *2 (E.D. La. Aug. 15, 2016) (collecting cases). "Rules 59 and 60, however, apply only to final judgments." *Id.* (citing *S. Snow Mfg. Co., Inc. v. Snowizard Holdings, Inc.*, 921 F. Supp. 2d 548, 563-64 (E.D. La. 2013)). If a party seeks reconsideration of an order that adjudicates fewer than all the claims among all the parties, then Rule 54(b) controls.

Here, plaintiff seeks reconsideration of an order granting summary judgment on some, but not all, of plaintiff's claims in this case. Accordingly, Rule 54(b) is the appropriate standard under which to evaluate the motion. *See Cabral v. Brennan*, 853 F.3d 763, 766 (5th Cir. 2017) ("Because the order granting partial summary judgment was interlocutory, the court should have analyzed the motion for reconsideration under Rule 54(b) . . . ."). Rule 54(b) provides that an order that adjudicates fewer than all of the claims among all of the parties "may be revised at any time" before the entry of a final judgment. Fed. R. Civ. P. 54(b). As Rule 54 recognizes, a district court "possesses the inherent procedural power to reconsider, rescind, or modify an interlocutory order for cause seen by it to be sufficient." *Melancon v. Texaco*, 659 F.2d 551, 553 (5th Cir. 1981). Under Rule 54(b), the court "is free to reconsider and reverse its decision for any reason it deems sufficient,

even in the absence of new evidence or an intervening change in or clarification of the substantive law." *Austin v. Kroger Tex., L.P.,* 864 F.3d 326, 336 (5th Cir. 2017). Although reconsideration under Rule 54(b) is within the trial court's broad discretion, reconsideration "is not provided indiscriminately whenever some party may wish it," as judges "must protect themselves and the other parties against the delays and burdens that could be imposed by yielding to simple disappointment or a deliberate desire to inflict delay and burden." *See* 18B Wright & Miller, Fed. Prac. & Proc. § 4478.1 (3d ed. 2021); *Calpetco 1981 v. Marshall Expl., Inc.*, 989 F.2d 1408, 1414-15 (5th Cir. 1993).

Reconsideration of an interlocutory order under Rule 54(b) is less stringent than reconsideration of judgments under Rule 59(e). *Austin*, 864 F.3d at 336. But "[a]lthough a less exacting standard applies, courts look to similar considerations as those it considers when evaluating Rule 59(e) motions." *Edwards v. Take Fo' Records, Inc.*, No. 19-12130, 2020 WL 3832606, at *11 & n.12 (E.D. La. July 8, 2020); *see also Pierce v. Kellogg Brown & Root, Inc.*, No. 15-6585, 2017 WL 2082947, at *1 (E.D. La. May 15, 2017). A motion to reconsider is "not the proper vehicle for rehashing evidence, legal theories, or arguments that could have been offered or raised

7

before the entry of [the order]." *Templet v. HydroChem Inc.*, 367 F.3d 473, 478-79 (5th Cir. 2004).

### III. DISCUSSION

Plaintiff argues that the Court should reconsider its Order and Reasons granting summary judgment on Koeppel's bad-faith claims because: (i) plaintiff recently sent Hartford the alleged tortfeasor's liability insurance coverage declarations page, and thus has submitted satisfactory proof of loss, and (ii) the Court prematurely granted Hartford's partial summary judgment motion with prejudice because two depositions remain outstanding.[29] The Court addresses plaintiff's contentions in turn.

#### A. Satisfactory Proof of Loss

First, plaintiff represents that he has now produced satisfactory proof of loss of "some portion" of his medical payments that he is entitled to under his policy.[30] Under Louisiana law, to establish satisfactory proof of loss, a necessary element in stating a claim for bad-faith penalties, the plaintiff must prove that the insurer was "fully apprise[d]" that "(1) the owner or operator

---

[29] R. Doc. 44 at 2.
[30] R. Doc. 36-1 at 4-5.

8

of the other vehicle involved in the accident was uninsured or underinsured; (2) that he was at fault; (3) that such fault gave rise to damages; and (4) establish the extent of those damages." *McDill v. Utica Mut. Ins. Co.*, 475 So. 2d 1085, 1089 (La. 1985). In its Order and Reasons, the Court gave two reasons why plaintiff had failed to demonstrate that Hartford received satisfactory proof of loss.[31] First, the Court found that plaintiff failed to meet his burden of providing Hartford with satisfactory proof that the tortfeasor was underinsured at the time of the accident. Second, the Court held that, based on the summary judgment record, there existed a reasonable dispute about whether the accident caused or accelerated plaintiff's injuries.

In seeking reconsideration, Koeppel focuses on the first reason—that he failed to meet his burden of establishing *prima facie* proof of the underinsured status of the motorist. As noted in the Court's Order and Reasons, under Louisiana law, a plaintiff can generally satisfy his burden of proving that the tortfeasor's vehicle was underinsured by introducing the declarations page from the tortfeasor's liability policy that shows the policy's limits. *See Dean v. State Farm Mut. Auto. Ins. Co.*, 217 So. 3d 611, 617 (La. App. 3 Cir. 2017). Following this Court's Order and Reasons, plaintiff

---

[31] R. Doc. 34 at 7-20.

9

obtained and produced to defendant Issac's liability policy declarations page that identifies her policy limit of $15,000.[32]

The Court thus finds that in light of the declarations page, Hartford, as of May 11, had satisfactory proof that the tortfeasor was underinsured at the time of the accident. And under Louisiana law, plaintiff was not required to wait sixty days after allegedly providing Hartford with "satisfactory proof of loss" before filing suit. *See Hudson v. AIG Nat'l Ins. Co.*, 40 So. 3d 484, 490 (La. App. 3 Cir. 2010) (finding that the "explicit language" of La. Rev. Stat. § 22:1892 does not require the sixty-day period to have run prior to a plaintiff filling suit"). Given plaintiff's production of the declarations page, the Court finds it appropriate under Rule 54(b) to grant plaintiff's motion for reconsideration in part only as to whether Hartford received satisfactory proof of the underinsured status of the tortfeasor.

Plaintiff contends that because he has produced satisfactory proof of Issac's underinsured status, Hartford has a duty to tender, at a minimum, the $5,000 in "undisput[ed]" medical payments under the Auto Medical Payments Coverage portion of his policy with Hartford.[33] The Medical Payments Coverage portion of Koeppel's policy states that Hartford will "pay

---

[32] R. Doc. 36-2 at 2.
[33] R. Doc. 36-1 at 4-5.

10

reasonable expenses incurred for necessary medical and funeral services to or for an 'insured' who sustained 'bodily injury' caused by [an] 'accident.'"[34] Notably, plaintiff's motion for reconsideration is the first time that Koeppel asserts that he has met the requirements of the Medical Payments Coverage portion of his policy specifically, and thus that Hartford has acted in bad faith by not tendering $5,000 in medical payment coverage.

The Court finds that plaintiff's arguments lack merit, and do not warrant reconsideration of the remainder of the Court's partial summary judgment order. Plaintiff completely overlooks the Court's second reason for granting summary judgment, namely, that there remains a reasonable dispute as to causation in this case. Plaintiff's motion for reconsideration provides no additional evidence as to causation, and instead merely reasserts the arguments the Court already rejected. Specifically, plaintiff's reconsideration motion again asserts that he has established medical causation based on his medical records and the opinions of his treating physicians. Notably lacking from plaintiff's motion is any discussion of the evidence that the Court concluded raised a reasonable question about causation. Specifically, plaintiff fails to address the findings of Dr. Aiken's

---

[34] R. Doc. 44 at 7.

independent medical evaluation ("IME"), or plaintiff's history of preexisting conditions, pain, and falls.

Because plaintiff has not pointed to any mistake in law or fact on which the Court's holding as to causation was based, the Court finds no reason to reconsider its analysis as to causation. And given that plaintiff has provided new evidence rebutting only one of two grounds on which the Court granted summary judgment, the Court similarly finds no reason to reconsider the outcome of its decision. *See U.S. Bank Nat'l Ass'n v. Borunda*, No. 15-109, 2016 WL 2625287, at *5 (W.D. Tex. May 5, 2016) (denying plaintiff's motion under Rule 54(b), and noting that "even if the Court were to consider the document that Defendant . . . attaches to his Motion for Reconsideration, [he] still has not met his summary judgment burden"). Moreover, because causation remains reasonably in dispute, the Court rejects plaintiff's new assertion that Hartford has a duty to pay, at a minimum, medical expenses of $5,000. *See Demma v. Auto. Club Inter-Ins. Exch.*, 15 So. 3d 95, 103 (La. 2009) ("The statute thus requires the insurer to pay only when it indisputably owes payment under the insurance contract and only the amount that it indisputably owes.").

Thus, plaintiff's motion for reconsideration is granted in part, and the Court vacates its analysis on Koeppel's failure to provide satisfactory proof

of the underinsured status of the tortfeasor. The Court denies the remainder of plaintiff's motion for reconsideration as it pertains to the Court's analysis on causation and the dismissal of plaintiff's bad-faith claims as articulated in his complaint.

### B. Premature Summary Judgment

Second, Koeppel argues that the Court erred by granting defendant's motion for summary judgment on plaintiff's bad-faith claims with prejudice.[35] Specifically, plaintiff contends that the Court's order granting the motion with prejudice has resulted in a "manifest injustice" to the plaintiff, and has permitted Hartford to "exercise immunity [over] still viable bad-faith claims."[36] Plaintiff requests that the Court "consider" that his treating physicians will be deposed in the upcoming months, and that trial in this case is not scheduled until November 7, 2022.[37]

The parties original trial date was scheduled for March 14, 2022, with a discovery deadline of January 21, 2022.[38] On February 4, 2022, the parties filed a joint motion to continue their trial date because the "depositions of

---

35  R. Doc. 36-1 at 2.
36  R. Doc. 44 at 2.
37  *Id.*
38  R. Doc. 6 at 2, 6.

Plaintiff's treating physicians" had to be rescheduled.[39] The Court granted the motion on February 7, 2022, but did not continue any of the expired deadlines, except that the deadline for discovery was suspended "only as to the depositions of plaintiff's two treating physicians."[40] Notably, neither party requested a continuance of the Court's January 26, 2022 deadline for dispositive motions.

"Rule 56 does not require that any discovery take place before summary judgment can be granted; if a party cannot adequately defend such a motion, Rule 56[(d)] is his remedy." *Washington v. Allstate Ins. Co.*, 901 F.2d 1281, 1285 (5th Cir. 1990). Although plaintiff asserts that it is "absurd" for Hartford to contend that he has not produced evidence on causation given that Hartford has not scheduled depositions for plaintiff's treating physicians until the upcoming months,[41] Koeppel never asked the Court to continue, deny, or defer defendant's partial summary judgment motion until additional discovery was completed. Notably, Federal Rule of Civil Procedure 56(d) offers a clear mechanism for such a response. *See* Fed. R. Civ. P. 56(d) (permitting a court to deny or defer consideration of a motion for summary judgment to allow for time for additional discovery when "a

---

[39] R. Doc. 25 at 1.
[40] R. Doc. 26.
[41] *Id.* at 4-5.

14

nonmovant shows by affidavit or declaration that, for specified reasons, it cannot present facts essential to justify its opposition"). Plaintiff filed no such motion here, although he was aware well before the Court's summary judgment order that scheduling conflicts delayed his treating physicians' depositions. *See Barber v. Spinal Elements*, No. 18-6914, 2019 WL 5810304, at *3 (E.D. La. Nov. 7, 2019) (stating that a plaintiff's argument about his inability to depose a physician before summary judgment "could, and should, have been made before the judgment [was] issued").

Because plaintiff did not "take the proper steps to [e]nsure consideration of th[ese] deposition[s]," the Court will not consider them on plaintiff's motion for reconsideration. *See Waltman v. Int'l Paper Co.*, 875 F.2d 468, 474 (5th Cir. 1989) (denying a plaintiff's motion for reconsideration because although the plaintiff did not have the deposition at the time of summary judgment, she did not file a motion for continuance under Rule 56(d)); *see also Templet*, 367 F.3d at 478-79 (noting that a motion to reconsider is "not the proper vehicle for rehashing . . . arguments that could have been offered or raised before the entry of [the order]").

Although plaintiff makes much of defendant's continuing duty to investigate, an "insurer's conduct depends on the facts known to the insurer at the time of its action, and [the Supreme Court of Louisiana] has declined

15

to assess penalties 'when the insurer has a reasonable basis to defend the claim.'" *La. Bag Co. v. Audubon Indem. Co.*, 999 So. 2d 1104, 1114 (La. 2008) (quoting *Reed v. State Farm Mut. Auto. Ins. Co.*, 857 So. 2d 1012, 1021 (La. 2003)). Thus, to the extent that plaintiff contends that satisfactory proof of causation will be presented to Hartford in the future, "[t]he appropriate procedure for a plaintiff to follow to bring a case up to date with events that have taken place since the filing of an original pleading is to file a supplemental pleading pursuant to [Rule 15(d)]." *Pursley v. Lawrence*, No. 21-1776, 2022 WL 1288732, at *4 (E.D. La. Apr. 29, 2022) (noting that if plaintiff possesses a claim for bad-faith penalties "that accrued after the filing of suit, Rule 15 establishes the procedure to bring it before the court").

In sum, because Koeppel never requested additional time for discovery, the Court declines to reconsider its order dismissing with prejudice plaintiff's bad-faith claims regarding the May 27, 2020 through May 11, 2022 proof of loss provided to Hartford.

## IV. CONCLUSION

For the foregoing reasons, plaintiff's motion to reconsider[42] is GRANTED IN PART and DENIED IN PART. The Court's May 2, 2022 Order

---

42  R. Doc. 36.

16

and Reasons is VACATED to the extent that it holds plaintiff failed to provide Hartford with satisfactory proof of loss of the tortfeasor's underinsured status. The remainder of the Court's order remains undisturbed.

New Orleans, Louisiana, this __17th__ day of June, 2022.

_____
SARAH S. VANCE
UNITED STATES DISTRICT JUDGE